IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GARY RITTENHOUSE,              )
                               )
           Plaintiff,          )        8:05CV217
                               )
      v.                       )
                               )
UNITEDHEALTH GROUP LONG TERM   )        MEMORANDUM AND ORDER
DISABILITY INSURANCE PLAN,     )
                               )
           Defendant.          )
_____)
```

This matter is before the Court on the motion for default judgment filed by plaintiff Gary Rittenhouse under Federal Rules of Civil Procedure 55 (Filing No. 5). Defendant UnitedHealth Group Long Term Disability Insurance Plan ("UnitedHealth") filed a response to the motion (Filing No. 8) and a motion for leave of court for enlargement of time to file its answer (Filing No. 9). The Court has reviewed the motions, the response and plaintiff's brief in opposition to the motion for leave (Filing No. 11) and the applicable law and makes the following findings.

The Court has not yet ruled on the motion for default judgment, yet, Fed. R. Civ. P. 60(b)(1), which provides the grounds upon which relief from a default judgment may be granted, is applicable. Under Rule 60(b)(1), a district court may grant relief from a default judgment because of "mistake, inadvertence, surprise or excusable neglect."

In deciding whether to set aside a default judgment, for excusable neglect, the inquiry is essentially an equitable one. *Union Pacific RR Co, v. Progress Rail Serv. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). The district court is directed to balance multiple considerations including the "danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether it was within the reasonable control of the movant and whether the movant acted in good faith." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Part.*, 507 U.S. 380, 395 (1983).

In the present case, UnitedHealth received the complaint in its mail room on May 18, 2005. For unknown reasons, the complaint was never delivered to the legal department. The first notice to UnitedHealth's legal department that this complaint had been filed occurred when plaintiff's motion for default judgment was received on July 19, 2005. Immediately, UnitedHealth's in-house counsel attempted to contact the plaintiff's attorney to request an extension of time in which to file an answer. UnitedHealth then obtained local counsel. On July 21, 2005, UnitedHealth filed its response regarding the motion for default judgment and its motion for enlargement of time in which to file its answer and its answer.

UnitedHealth reacted promptly once it became aware of this lawsuit, and appears to have acted in good faith to file its answer as soon as it was aware of this action.  Therefore, the Court will grant the extension of time to allow UnitedHealth to file its answer.  Having granted the extension of time, plaintiff's motion for default judgment will be denied as moot.  Because the delay in filing its response lies solely with the defendant, the Court agrees with the plaintiff that it is appropriate to assess the defendant the attorney's fees incurred by plaintiff in filing the motion for default judgment and the supporting index.  Accordingly,

IT IS ORDERED:

1) Defendant's motion for leave of court for enlargement of time to file its answer is granted.  Defendant shall have until August 5, 2005, to file its answer.

2) Plaintiff's motion for default judgment is denied.

3) Defendant shall pay attorney's fees of $170.00 to plaintiff.

DATED this 27th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court