IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

GARY RITTENHOUSE,          )
                               )
          Plaintiff,     )        8:05CV217
                               )
      v.                )
                               )
UNITEDHEALTH GROUP LONG TERM  )     MEMORANDUM OPINION
DISABILITY INSURANCE PLAN,    )
                               )
          Defendant.     )
_____)

This matter is before the Court on plaintiff's application for attorney fees and costs (Filing No. 45) submitted pursuant to this Court's order dated February 28, 2006. Defendant UnitedHealth Group Long Term Disability Plan ("United Health Plan") has filed a brief in opposition to this application (Filing No. 49).

**Attorney Fees**

The district court has discretion to award attorney fees in ERISA actions. *See* 29 U.S.C. § 1132(g)(". . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"). The five-factor test first articulated in *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984) (per curiam), guides the district court in determining whether to award attorney's fees in an ERISA case. *Martin v. Arkansas Blue Cross & Blue Shield,* 299 F.3d 966, 972 (8th Cir. 2002)(en banc), *cert. denied*, 123 S. Ct. 967 (2003). These factors are:

> (1) the degree of the opposing
> parties' culpability or bad
> faith; (2) the ability of the
> opposing parties to satisfy an
> award [of costs]; (3) whether an
> award [of costs] against the
> opposing parties could deter
> other persons acting under
> similar circumstances; (4)
> whether the parties requesting
> [costs] sought to benefit all
> participants and beneficiaries of
> an ERISA plan or to resolve a
> significant legal question
> regarding ERISA itself; and (5)
> the relative merits of the
> parties' positions.

*Westerhaus,* 749 F.2d at 496.   The Eighth Circuit has cautioned

against a "mechanical application" by the district courts of

these *Westerhaus* factors stating that district courts "should use

the factors and other relevant considerations as general

guidelines for determining when a fee is appropriate."  *Martin*,

299 F.3d at 972.

       The Court finds that an award of a reasonable attorney

fee is appropriate based on the general guidelines of *Westerhaus*

with all factors weighing in favor of an award.

       In determining what is a reasonable fee, the Eighth

Circuit Court of Appeals has utilized the lodestar method which

involves multiplying the number of hours expended times an hourly

rate.  *Sierra Club v. Clark*, 755 F.2d 608, 619-20 (8th Cir.

1985).   "The starting point for determining a reasonable fee

award is to multiply the number of hours reasonably expended on

the litigation by a reasonable hourly rate of compensation."

*Pailla v. Hawaii Dept. of Land and Natural Resources*, 118 F.R.D.

125, 127 (D. Hi. 1987).

Plaintiff has submitted detailed billing records

denoting the number of hours billed by each attorney and their

hourly rates.  The lead attorney, Thomas F. Hoarty, Jr., billed

for 60 hours of his time at rates of $160.00 per hour in 2004,

$170.00 per hour in 2005 and $175.00 per hour in 2006.  Associate

attorneys billed for 37.05 hours of work at a rate of $135.00 per

hour.  Hoarty submitted his own affidavit and the affidavit of

attorney Robert V. Broom in support of the fee request.

The Court notes that a fee of $175 per hour was

recently found to be fair and reasonable by an attorney with

eight (8) years of experience.  *Shiller v. Sarpy Cty.,* 2005 U.S.

Dist. LEXIS 29383 at *10 (D. Neb. November 11, 2005).  In

addition, a fee award of $200 per hour was found to be fair and

reasonable in a recent ADA action in this district.  *Dominguez v.*

*Abbott Transportation, Inc*., Case No. 8:03CV536.  Hoarty is an

attorney with over thirty (30) years of experience who has

handled more than 400 contested cases, and the Court finds that

the hourly rates and the number of hours billed are both

reasonable.  The Court will award the full amount of fees

requested:  $15,404.75.

**Costs**

Plaintiff seeks costs of $794.57.  Included in this amount were charges of $484.92 for computerized legal research on the WESTLAW database.  The Eighth Circuit has held that computerized legal research fees are not recoverable.  *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). Therefore, the costs associated with the WESTLAW research are not recoverable.  The remainder of the costs sought are for postage, photocopying and filing fees.  The Court finds that these costs are proper.  Thus the Court will subtract the $484.92 computerized legal research fees from the total costs sought by plaintiff of $794.57 and will award plaintiff costs of $309.65. Therefore, the Court will award a total of $15,714.45 for attorney's fees and costs.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of May, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court